UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
_____

Lisa Sykes, et al.,

        Plaintiffs,                                1:08-mc-13

        V.                                     3-07 CV 660
                                                      Eastern District of
Bayer Corporation,                                  Virginia

        Defendant.
_____

RESPONSE OF CLIFFORD J. SHOEMAKER, BY JOHN F. MCHUGH,
HIS ATTORNEY, TO THE ORDER TO SHOW CAUSE DATED APRIL
21, 2008

      John F. McHugh, an attorney admitted to this Court pro hoc vice declares that he is representing Clifford Shoemaker in this matter and as such files this response to the Order to Show Cause, with the supporting declarations of Reverend Lisa Sykes, a plaintiff in this action and Mark Geier, M.D. a witness as well as that of Clifford J. Shoemaker:

      1.  Since the Order to Show Cause was issued in this matter, this action has been dismissed by stipulation in the Eastern District of Virginia. I understand that it had been initially filed in the Eastern District of Pennsylvania in 2006 and was then transferred to the Eastern District of Virginia. The subpoena, in issue here, was served on one Kathleen Seidel who runs an informal organization that publishes a web site known as

1

Neurodiversity.com. The subpoena sought to determine the scope and membership of and financial support for the conspiracy Ms. Seidel admits she leads, which is designed to injure Rev. Sykes and her witness due to their filing or participating in this lawsuit in a Court of the United States.

2. The declarations filed herewith establish that at about the same time that this case was filed in a United States District Court, Ms. Seidel launched her campaign against the plaintiffs and the expert witnesses. She has defamed litigants and witnesses, destroyed business relationships and attempted to destroy their professional reputations and livelihoods. She has succeeded in causing them to spend time and money defending themselves against false accusations filed with state licensing boards, professional organizations and with Reverend Sykes's bishop.

3. Ms. Seidel's principal co-conspirator, her husband, has apparently seized control of a web encyclopedia so that Ms. Seidel's opinions of vaccine witnesses are inserted into their biographies and into articles on drugs used to treat symptoms of autism, all to discredit them in a place where parents of injured children look for information about their child's disability and possible treatments.

4. Ms. Seidel's activity consists of a series of intentional torts and as such it is a continuing violation of 42 U.S.C. §1985 as is explained in the

accompanying memorandum of law.  Ms. Seidel states in her web site that others aid her, including her husband.  That renders her activity a conspiracy to dissuade potential Federal litigants and their witnesses by intimidation and to penalize those who are not dissuaded by injury to their property interests, particularly their employment.  She has in fact inflicted injury as described in the declarations of Rev. Sykes and Dr. Geier.

    5.  Faced with the specific harassment of witnesses and parties to this lawsuit, by a person utilizing investigative ability well in excess of that available to the mother and housewife she claims to be, justifies inquiry as to whether any of her support and information originates with this defendant or its affiliates, employees or industry organizations is legitimate.  There is circumstantial evidence of a link between these activities, i.e. Ms. Seidel's fixation on this case and her apparent easy access to hard to obtain information about the parties and the witnesses.  If a party to litigation is engaged in intimidation of witnesses, the court, in which that case is proceeding, has an urgent interest.

    7.  In addition, Ms. Seidels "beliefs" parallel the defensive positions of drug manufacturers.  That combined with the level of her malice and the extent of her resources is sufficient smoke for any attorney to determine that an inquiry is required to determine if there is indeed a fire.

Wherefore, the case is dismissed, this subpoena was not an abuse of this Court's process when it was issued or served.  Therefore, for the reasons set forth here and in the accompanying submissions the Order to Show Cause should be dismissed.

I declare pursuant to 28 U.S.C. §1746 under penalty of perjury that the foregoing is true to the best of my knowledge and belief.

Dated, New York, N.Y.
 May 12, 2008       /s/ John F. McHugh_____
              John F. McHugh, pro hac vice
              6 Water Street
              New York, N.Y. 10004
              212-483-0875


              Brian T. Stern, Esq.
              Law Office of Brian T. Stern
              86 Locust Street
              Dover, NH 03820
              Telephone: (603) 742-7789

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 12, 2008, I electronically filed Response of Clifford J. Shoemaker, by John F. McHugh, His Attorney, to the Order to Show Cause Dated April 21, 2008, with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: John F. McHugh, Esquire, and I hereby certify that on May 12, 2008, I have mailed by United States Postal Service, the document(s) to the following non-registered participants: Kathleen Seidel, 68 Burke Road, Peterborough, NH 03458.

Dated: May 12, 2008          /s/ Brian T. Stern_____
                             Brian T. Stern
                             Bar No. 2441
                             86 Locust Street
                             Dover, NH 03820
                             Phone: (603) 742-7789
                             E-Mail: contact@sternlawoffice.com