UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
_____

Lisa Sykes, et al.,

        Plaintiffs,                          1:08-mc-13

        V                                 3-07 CV 660
                                                Eastern District of
Bayer Corporation,                           Virginia

        Defendant.
_____

        Clifford J. Shoemaker, an attorney duly admitted to practice in the Courts of the State of Virginia and the District of Columbia, having offices at 9711 Meadowlark Road, Vienna, Va. 22182 declares as follows:

        1.  I am the attorney of record in this matter, which was filed in the Eastern District of Virginia and as such am familiar with this matter and with the facts related here.   If called to testify I would testify competently as follows.

        2.  This action, which has been dismissed by agreement of the parties, involved the regression of Wesley Sykes into autism following the administration of HypRho-D to his mother during pregnancy and two years of vaccinations, many containing Thimerosal, a mercury based drug preservative.  The action at the time of the subpoena was limited to Thimerosal in HypRho-D.

3. Since this action was filed in the United States District Court for the Eastern District of Pennsylvania, I have been made aware of a pattern of harassment of the principal plaintiff, Reverend Lisa Sykes, her son's pediatrician Dr. Mary Megson, and expert witnesses, Dr. Mark Geier and his son David Geier, all by one Kathleen Seidel, who runs a web site called Neurodiversity.com.

4. When I was informed that Ms. Seidel had published some material, which was not a matter of public record, it became apparent that she was receiving help in her efforts from someone with access to material, which seemed to be in excess of that a non-party would usually have.

5. From the declarations of Dr. Mark Geier and Rev. Sykes the Court will see that Ms. Seidel's efforts far exceed comment on the case or on its participants. She has actively injured or tried to injure persons due to their participation in this action in a Court of the Untied States.

6. Due to our suspicion that Ms. Seidel was either an agent of the defendant or of its industry, or that she was being given information by the defendant or an affiliated person, it was determined that proof of any such affiliation could be material to the issues at bar. Any attempt to destroy evidence or to obstruct justice by a pattern of harassment is itself evidence

that the evidence destroyed would be unfavorable to the party seeking to suppress it.

7.  The only way to establish whether Ms. Seidel is working for or with, or is receiving aid from the defendant or some affiliate, is to determine the identity of her sources of information, her funding and the identity of persons who have acted for her or have asked her to act.  The subpoena sought that information and material which is believed to be the means to determine those facts.  If indeed Ms. Seidel is just a mother working with limited funds to preach her particular gospel, compliance with the subpoena would prove that and it would be easy to comply with.  If confidential information were involved, an appropriate stipulation or a confidentiality order would be appropriate.  Only if there were a connection with the defendant in this action would any of this information be used and thus become public.

8. I am admitted in the Eastern District of Virginia, the District where this case was pending.  I issued the subpoena from the District of New Hampshire as is provided for in Rule 45 (a)(3).

Wherefore, the issuance of this subpoena was proper both as to the procedure used and as to its purpose, i.e. to discover evidence that is or could lead to the discovery of admissible evidence in this action.

I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the above is true to the best of my knowledge and belief.

Dated Vienna, VA
    May 12, 2008

_____
Clifford J. Shoemaker