UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Lisa Sykes and
Seth Sykes, Individually and
as Parents and Natural
Guardians of Wesley Alexander Sykes,
a minor child

    v.                                      Civil No. 08-mc-13-JM

Bayer Corporation, et al.

**O R D E R**

Clifford J. Shoemaker, Shoemaker & Associates, 9711 Meadowlark Road, Vienna, Virginia was ordered to show cause why he should not be sanctioned under Fed. R. Civ. P. 11 with respect to a subpoena duces tecum served on a non-party to a case then pending in the Eastern District of Virginia.[1]  The time allotted to Shoemaker to show cause expired but he was subsequently given additional time.

Background

Clifford Shoemaker, Esq. was counsel to the plaintiff in the underlying case.  In the underlying case the claim was that the plaintiff-child developed neuro-developmental disorders from high

---

[1] The case, Sykes v. Bayer Pharmaceuticals Corporation, et al., 3:07 cv 660 (E.d. Va. 2007) was dismissed with prejudice upon a voluntary stipulation of dismissal.

mercury exposure as a result of exposure to defendant's medicine in utero.  Shoemaker is a 1973 law school graduate who indicates on his website that he has focused his attention on an alleged mercury-created autism epidemic.  He claims to have "tried cases in federal district courts all over the country."

Ms. Seidel was a non-party to the Sykes' suit.  Ms. Seidel maintains a website, www.neurodiversity.com, on which she posts articles she and others have written about the controversy about whether mercury has or has not created an autism epidemic.  Shortly after posting an article on several fees Mr. Shoemaker obtained in various Vaccine Injury Compensation Program claims, Shoemaker served Ms. Seidel with the subpoena at issue.

The subpoena, as Ms. Seidel correctly summarizes:

> commands production of "all documents pertaining to the setup, financing, running, research, maintaining the website http://www.neurodiversity.com" – including but not limited to material mentioning the plaintiffs – and the names of all persons "helping, paying or facilitating in any fashion" my endeavors.  The subpoena demands copies of all of my communications concerning any issue which is included on my website, including communications with representatives of the federal government, the pharmaceutical industry, advocacy groups, non-governmental organizations, political action groups, profit or non-profit entities, journals, editorial boards, scientific boards, academic

>boards, medical licensing boards, any
>"religious groups (Muslim or otherwise), or
>individuals with religious affiliations," and
>any other "concerned individuals."

The subpoena is very broad.  Ms. Seidel filed a timely and well-prepared motion to quash.  Shoemaker interposed no objection.  The record provides no information as to whether Shoemaker provided notice of the subpoenaed deposition to counsel for defendants.

I quashed the subpoena and ordered Mr. Shoemaker to show cause why he should not be sanctioned under Fed. R. Civ. P. 11.  He has responded to that Order.  <u>See</u> Document no. 7.  Ms. Seidel has responded to his response.  <u>See</u> Document no. 10.

## Discussion

>(T)he risks attendant to the misuse of the
>subpoena power are great . . . .  "Moreover,
>the injury resulting from attorney misuse of
>the subpoena power is not limited to the harm
>it inflicts upon the parties.  Rather, misuse
>of the subpoena power also compromises the
>integrity of the court's processes."
>(citation omitted).

<u>Spencer v. Steinman</u>, 1999 WL 33957391, *2 (E.D.Pa.).  Fed. R. Civ. P. 45(a)(1) <u>requires</u> an attorney to take steps to avoid imposing an undue burden or expense on a subpoenaed non-party.  Fed. R. Civ. P. 11(b) requires an attorney who signs or later

advocates a court paper to refrain from presenting it for any improper purpose such as to harass.

The subpoena which I have attached to this order is breathtakingly broad.  Mr. Shoemaker made no attempt to avoid imposing an undue burden or expense on Ms. Seidel.  To the contrary, I find that he sought to burden her by requiring production of every scrap of paper related to autism, her web site, her tax returns, and her communications with the government.  He improperly imposes a requirement to create documents, e.g., a list of "names of persons helping, paying or facilitating . . . these endeavors."  The documentation sought is exhaustive.

Shoemaker seeks to justify the subpoena by allegations that Seidel is not "a mere mother of an autistic child and housewife," but a co-conspirator under 42 U.S.C. §1985 with her husband or "the defendant (Bayer) or by some organization dedicated to harassing this plaintiff (Ms. Sykes) and her witness . . ." Shoemaker's claim that Ms. Seidel was the "leader of a conspiracy to obstruct justice . . ." is unsupported by any facts.  It is clear that she has openly and extensively exercised her First Amendment right to speak out on the issue.  Shoemaker certainly

has the right to disagree with her, but he has no right to misuse the process to abuse her.

Shoemaker has not offered a shred of evidence to support his speculations.  He has, he says, had his suspicions aroused because she has so much information.  Clearly he is unfamiliar with the extent of the information which a highly-competent librarian like Ms. Seidel can, and did, accumulate.  If Shoemaker wanted to know if Ms. Seidel was in part supported by or provided information by Bayer, he could have inquired of Bayer or limited the Seidel subpoena to that information.  Instead he issued the subpoena calling for production of documents and a deposition on the day before he stipulated to dismiss the underlying suit with prejudice.  His failure to withdraw the subpoena when he clearly knew that suit was over is telling about his motives.  His efforts to vilify and demean Ms. Seidel are unwarranted and unseemly.

Clearly the litigants are passionate about the causative issues surrounding autism.  Nothing in this order is intended to indicate that this court has any view as to who is right on the autism issues.  What the court does have views about is the

impropriety of misuse of a subpoena.[2]  Shoemaker could make an argument for discovery from Seidel to attempt to establish that his defendants improperly used her and her web site to impact witnesses in the underlying case.  That might meet Rule 26's smell test.  However, he has no right: (1) to serve a grossly overly broad subpoena intended to harass; (2) to go on a "fishing trip" for anything to support a new suit for defamation or for a §1985(3) conspiracy; and (3) to fail his duties under Rule 45(c)(1).  Most of the documents sought have no arguable relevance to the underlying case and were not likely to lead to admissible evidence.

If Ms. Sykes or the Geiers believe they have a cause of action against Ms. Seidel, they have an avenue to pursue such a claim.  What they and Shoemaker can not do is abuse the subpoena power in the Sykes v. Bayer case.

I find that Clifford Shoemaker violated Fed. R. Civ. P. 11(b)(1) and Rule 45(c)(1).  The 11(b)(1) violation may also violate Virginia's Rules of Professional Conduct which provide in part:

---

[2] Shoemaker also issued a simultaneous abusive subpoena to a Massachusetts physician with views contrary to his effort.

>(1) <u>Preamble</u>: A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others.
>
>(2) <u>Rule 3.1</u>: A lawyer shall not assert or controvert an issue therein unless there is a basis for doing so which is not frivolous . . .
>
><u>Comment [1]</u>.  The advocate has a duty to use legal procedure for the fullest benefit of the client's cause, <u>but also a duty not to abuse legal procedure</u>.  (emphasis added).

Clifford J. Shoemaker's action is an abuse of legal process, a waste of judicial resources and an unnecessary waste of the time and expense to the purported deponent.

The Clerk of Court is directed to forward a certified copy of this order, the motion to quash, the show cause order, and the response of Shoemaker and Seidel to the appropriate professional conduct committee of the Virginia State Bar in order that it may be made aware of Clifford J. Shoemaker's conduct and so that those authorities may take whatever action they deem appropriate.

As a sanction from this court, Clifford J. Shoemaker is ordered to attend within three months, a continuing legal education program on ethics and on the discovery rules in the

Federal Rules of Civil Procedure.  He is ordered to file a certification of completion of the programs.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: June 23, 2008

cc:   Brian T. Stern, Esq.
      John F. McHugh, Esq.
      Kathleen Seidel, Respondent

8